**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO MANUEL ZUNIGA-QUINONES, | No.    15-73657 |
| Petitioner, | Agency No. A208-081-317 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:     WALLACE, FARRIS, and TROTT, Circuit Judges.

Humberto Manuel Zuniga-Quinones, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

applications for cancellation of removal and voluntary departure. Our jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

is governed by 8 U.S.C. § 1252. We review de novo due process claims. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

The record does not support Zuniga-Quinones' contention that the IJ was predisposed to deny his applications for relief or otherwise denied him a full and fair hearing. *See id.* (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" (internal quotation marks and citation omitted)); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind").

Absent a colorable question of law or constitutional claim, we lack jurisdiction to review the BIA's discretionary determinations that Zuniga-Quinones failed to show exceptional and extremely unusual hardship to a qualifying relative, and failed to merit voluntary departure as a matter of discretion. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (the court's jurisdiction over challenges to the agency's discretionary hardship determination is limited to constitutional claims or questions of law); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (same for voluntary departure).

Because our review is limited to the BIA's order, we do not reach Zuniga-

15-73657

Quinones's contentions regarding the IJ's denial of cancellation of removal as a matter of discretion, the IJ's alleged mischaracterization of his criminal history, nor the IJ's credibility determination. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**